FILED

2008 Jul-21  PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **FELICIA Y. DANIELS,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | **Case No.:  2:07-CV-1831-VEH** |
| ] | |
| **MIKE HALE, in his official** ] | |
| **capacity as Sheriff of Jefferson** ] | |
| **County,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Felicia Daniels ("Daniels") initiated this case job discrimination case on October 9, 2007.  (Doc. #1).  She originally sued the Jefferson County Sheriff's Department (the "Department") for discriminatory discharge on the basis of race (count I) and retaliation (count II) under Title VII and § 1981.  (*See generally id.*).

Subsequently, on December 10, 2007, the court dismissed the Department (on its motion (*see* Doc. #4)) as an improper party and gave Daniels leave to file her proposed new complaint naming Defendant Mike Hale ("Hale"), in his capacity as Sheriff of Jefferson County, as the appropriate party in interest.  (Doc. #8).  Daniels then filed her first amended complaint (Doc. #9) on December 11, 2007.

On April 1, 2008, Daniels sought again to amend her complaint to include

allegations of retaliation under the Family and Medical Leave Act of 1993 ("FMLA" or the "Act"). (Doc. #13). The court granted Daniels's additional amendment request (*see* Doc. #16), and on May 22, 2008, Daniels filed her second amended complaint. (Doc. #20).

The court now has before it Hale's Motion to Dismiss Second Amended Complaint (the "Dismissal Motion") (Doc. #22) filed on June 2, 2008. Daniels filed her opposition on June 16, 2008. Hale did not file a reply. As discussed more fully below, Hale's Dismissal Motion is due to be granted in part and denied in part.

## II.   STANDARD

"In an ordinary civil action, the Federal Rules of Civil Procedure require only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2507 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Although the rule encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs*, 127 S. Ct. at 2507 (citing *Dura Pharmaceuticals v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotation marks omitted)).

Dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt, that plaintiff can prove no set of facts in support

2

of claim that would entitle him to relief.  *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  A motion to dismiss under 12(b)(6) should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1964-65. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  However, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1969.

## III.  ANALYSIS

Hale asserts three (3) separate grounds in his Dismissal Motion:

(1) Each and every claim asserted by Daniels is time-barred by the applicable statute of limitations; (2) Sheriff Hale is entitled to Eleventh Amendment immunity as to Daniels's 42 U.S.C. § 1981 and Family Medical Leave Act claims <u>to the extent Daniels seeks monetary relief</u>; and (3) on the face of her second amended complaint, Daniels fails to state a *prima facie* case under the Family Medical Leave Act.

(Doc. #22 at 1 (emphasis added)).  The court addresses each of Hale's arguments in turn.

## A.    Statute of Limitations

Hale premises his statute of limitations argument upon the court's acquisition of jurisdiction over Daniels's claims as measured from December 11, 2007, *i.e.*, the date on which Daniels filed her amended complaint which named Hale as the defendant.  Among other points, Daniels responds that "the fact that she did not name the correct party does not automatically mean that the court's jurisdiction was not invoked" (*see* Doc. #25 at 5) and further that Hale is confusing the issues of a party's capacity to be sued with want of jurisdiction.  Daniels also maintains that she has satisfied the relation back requirements of Rule 15(c) relating to party substitution. The court agrees with Daniels.

Hale's statute of limitations defense is centered upon a faulty underpinning. In his Dismissal Motion, Hale improperly states that "Daniels's amended complaint (Doc. 9) is a misnomer because <u>the 'amended complaint' is in fact an entirely new lawsuit against an entirely new and distinct entity</u> and is not an amendment at all. This Court dismissed, <u>in its entirety and with prejudice</u>, the complaint filed on October 9, 2007.  Daniels cannot amend what no longer is in existence and in actuality, never legally existed."  (Doc. #23 at 6 (emphasis added)).

Later in his brief, Hale again incorrectly states that "this Court recognized the invalidity of Daniels's October 9, 2007, complaint because <u>said complaint was</u>

4

<u>dismissed with prejudice</u>, which signifies that nothing exists for Daniels's December 11, 2007, complaint to relate back to. . . .  Because there is nothing for which Daniels's claims relate back to prior to December 11, 2007, <u>Daniels's attempt to rely on Rule 15, Fed. R. Civ. P.</u>, is inappropriate and will not save her 'second amended complaint' from dismissal based on Sheriff Hale's statute of limitations arguments." (*Id.* at 6-7 (emphasis added)).

> To the contrary, the court's order <u>actually</u> states in relevant part that:

> JeffCo's [*i.e.*, the Department's] Motion to Dismiss is **GRANTED** <u>with leave for Daniels to file the proposed amended complaint</u> attached to her response no later than December 21, 2007.  Further, all claims against JeffCo are **DISMISSED WITH PREJUDICE**.

> The case <u>will remain open</u> until December 21, 2007.  However, if Daniels fails to file her amended complaint within the allotted time period, then the case will be closed.

(Doc. #8 at 1-2 (emphasis added) (footnote omitted)).  Therefore, the language of the order makes it clear that the court dismissed with prejudice only the Department as a defendant (as opposed to the complete case) and, consequently, the court never lost jurisdiction over the lawsuit, and Daniels's reliance upon Rule 15(c)(1)(C)[1] to relate

---

[1]Rule 15(c)(1)(C) states that an amendment relates back when:

the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

back is appropriate.

Moreover, none of the cases cited by Hale supports his untenable position. Accordingly, Hale's Dismissal Motion is **DENIED** to the extent it is based on the statute of limitations.

### B.   Eleventh Amendment Immunity

#### 1.   Section 1981

Daniels concedes that any claim for monetary damages (as opposed to for prospective injunctive relief) against Hale pursuant to § 1981 through § 1983 is subject to dismissal based upon Eleventh Amendment immunity grounds. (Doc. #25 at 11).  Therefore, Hale's Dismissal Motion is **GRANTED** on this basis, and any demand for monetary damages under § 1981 is **HEREBY DISMISSED WITH PREJUDICE**.  However, Daniels's claim for injunctive relief under § 1981 through § 1983 remains.

---

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

2.    **FMLA**

Hale also seeks a dismissal of Daniels's monetary demands under the FMLA on the grounds of Eleventh Amendment immunity.  Regarding the FMLA and Eleventh Amendment immunity, Daniels states that she "recognizes that *Batchelor v. South Florida Water Management District*, 242 Fed. Appx. 652, 653 (11th Cir. 2007), is controlling in this circuit and holds that the <u>state is immune from suit under the self-care provision of the FMLA</u>."  (Doc. #25 at 12 (emphasis added)).  At the same time, Daniels urges that *Batchelor* was wrongly decided by the Eleventh Circuit in light of the United States Supreme Court's decision in *Nevada Dep't of Human Resources v. Hibbs*, 538 U.S.721 (2003), "which held that <u>Congress had validly abrogated the state's Eleventh Amendment immunity under the family-care provision of the FMLA</u>." (Doc. #25 at 12 (emphasis added)).

Contrary to Daniels's impression that *Batchelor* is controlling, because the opinion is an unpublished one, it is neither binding on the Eleventh Circuit nor this court.  *See Baker v. Birmingham Board of Education*, ___ F.3d ___, No.07-12349, 2008 WL 2510177, at *1 (11th Cir. June  25, 2008) ("[B]ecause *Palmer* is an unpublished decision, it is not binding precedent." (citing *Twin City Fire Ins. Co., Inc. v. Ohio Cas. Ins. Co., Inc.*, 480 F.3d 1254, 1260 n.3 (11th Cir. 2007); 11th Cir. Rule 36-2)).  Therefore, *Batchelor* is at most only persuasive.

7

In *Garrett v. University of Alabama at Birmingham Bd. of Trustees*, 193 F.3d 1214 (11th Cir. 1999), *cert. granted in part and reversed on other grounds by* 531 U.S. 356 (2001),[2] the Eleventh Circuit held that Eleventh Amendment immunity barred the only plaintiff with a claim under the FMLA (*i.e.*, Patricia Garrett) from seeking damages and equitable relief under the Act's self-care provision[3] against trustees for a state university. *Id.* at 1219-1220.  The specific holding provides:

> [W]e hold in this case that Congress did not have the authority to abrogate the sovereign immunity of the states on claims arising under the provision at issue here.  Thus we affirm the district court under the second prong of the test set forth in *Seminole Tribe of Florida*, 517 U.S. at 54, 116 S. Ct. 1114 (1996).

---

[2] On certiorari review, the United States Supreme Court reversed the Eleventh Circuit's decision in *Garrett* that state sovereign immunity had been validly abrogated under the Americans with Disabilities Act ("ADA").  *See Garrett*, 531 U.S. at 374 n.9 ("Our holding here that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I [of the ADA] does not mean that persons with disabilities have no federal recourse against discrimination."); *Garrett*, 531 U.S. at 374 ("Congress is the final authority as to desirable public policy, but in order to authorize private individuals to recover money damages against the States, there must be a pattern of discrimination by the States which violates the Fourteenth Amendment, and the remedy imposed by Congress must be congruent and proportional to the targeted violation.").

[3] The FMLA self-care provision provides:  "[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."   29 U.S.C. § 2612(a)(1)(D).

*Garrett*, 193 F.3d at 1119.[4]  As the Eleventh Circuit analyzed the sovereign immunity issue, it found that the self-care provision lacked any connection to a "Fourteenth Amendment 'evil' or 'wrong' that Congress intended to remedy[:]"

> In discussing Congress' enforcement power, the Supreme Court emphasized that its power is "remedial." *City of Boerne*, 521 U.S. at 519, 117 S.Ct. 2157. Congress acts within its authority under the Fourteenth Amendment if the court can perceive a basis upon which Congress might predicate a judgment that the state action "constituted an invidious discrimination in violation of the Equal Protection Clause." *Katzenbach*, 384 U.S. at 656, 86 S. Ct. 1717.  In other words, "we must first identify the Fourteenth Amendment 'evil' or 'wrong' that Congress intended to remedy, guided by the principle that the propriety of any § 5 legislation 'must be judged with reference to the historical experience . . . it reflects.' " *College Savings Bank*, 119 S.Ct. at 2207, citing *City of Boerne*, 521 U.S. at 525, 117 S. Ct. 2157.

> Although the statute invokes the Equal Protection Clause in its purpose section, it is not in relation to the provision allowing leave to an employee with a serious health condition.

*Garrett*, 193 F.3d at 1119-1220.

> Subsequent to the *Garrett* decision, the United States Supreme Court decided

_____

[4]As the Eleventh Circuit pointed out in *Garrett*, "the Eleventh Amendment does not prohibit federal courts from entertaining private actions against state officers for injunctive relief." *Id.*, 193 F.3d at 1221 (citing *Ex parte Young*, 209 U.S. 123 (1908) (Cook, J., dissenting)); *see also Garrett*, 531 U.S. at 374 n.9 ("Those standards [under the ADA] can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).") (emphasis added).

*Hibbs*.  *Hibbs* involved a lawsuit under the FMLA family-care provision.[5]  *See Hibbs*,

538 U.S. at 725 ("We granted certiorari, 536 U.S. 938, 122 S. Ct. 2618, 153 L. Ed.2d

802 (2002), to resolve a split among the Courts of Appeals on the question whether

an individual may sue a State for money damages in federal court for violation of §

2612(a)(1)(C)."); *see also Hibbs*, 538 U.S. at 726 ("This case turns, then, on whether

Congress acted within its constitutional authority when it sought to abrogate the

States' immunity for purposes of the FMLA's family-leave provision.").

    In determining that state sovereign immunity did not bar suits for monetary

damages under the FMLA's family-leave provision, the United States Supreme Court

preliminarily explained that "[i]n enacting the FMLA, Congress relied on two of the

---

[5]The applicable FMLA code section provides:

(1) Entitlement to leave

Subject to section 2613 of this title, an eligible employee shall be
entitled to a total of 12 workweeks of leave during any 12-month period
for one or more of the following:

  . . .

(C) In order to care for the spouse, or a son, daughter, or parent, of the
employee, if such spouse, son, daughter, or parent has a serious health
condition.

29 U.S.C. § 2612(a)(1)(C).

powers vested in it by the Constitution: its Article I commerce power and its power under § 5 of the Fourteenth Amendment to enforce that Amendment's guarantees." *Hibbs*, 538 U.S. at 726-27.  While "Congress may not abrogate the States' sovereign immunity pursuant to its Article I power over commerce[, it] may,[] abrogate States' sovereign immunity through a valid exercise of its § 5 power, for 'the Eleventh Amendment, and the principle of state sovereignty which it embodies, are necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment.'"  *Hibbs*, 538 U.S. at 727 (internal and other citations omitted).

As for the Act's relatedness to addressing an "evil" or "wrong" under the Fourteenth Amendment, the Court reasoned in part:

> We believe that Congress' chosen remedy, the family-care leave provision of the FMLA, is "congruent and proportional to the targeted violation," *Garrett*, *supra*, at 374, 121 S. Ct. 955.  Congress had already tried unsuccessfully to address this problem through Title VII and the amendment of Title VII by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k).  Here, as in *Katzenbach*, *supra*, Congress again confronted a "difficult and intractable proble[m]," *Kimel*, *supra*, at 88, 120 S. Ct. 631, where previous legislative attempts had failed.  *See Katzenbach*, *supra*, at 313, 86 S. Ct. 803 (upholding the Voting Rights Act).  Such problems may justify added prophylactic measures in response.  *Kimel*, *supra*, at 88, 120 S. Ct. 631.

> By creating an across-the-board, routine employment benefit for all eligible employees, Congress sought to ensure that family-care leave would no longer be stigmatized as an inordinate drain on the workplace caused by female employees, and that employers could not evade leave obligations simply by hiring men.  By setting a minimum standard of

> family leave for all eligible employees, irrespective of gender, the
> FMLA attacks the formerly state-sanctioned stereotype that only women
> are responsible for family caregiving, thereby reducing employers'
> incentives to engage in discrimination by basing hiring and promotion
> decisions on stereotypes.

*Hibbs*, 538 U.S. at 737 (emphasis added).  Therefore, the *Hibbs* decision is expressly

limited to the consideration of the FMLA's family-care provision and its connection

to remedying sex stereotyping and gender discrimination in the context of providing

care to a family member with a serious health condition.  These same types of

discriminatory concerns are not implicated when an employee uses leave to take care

of his or her own personal serious medical needs.

Accordingly, this court concludes that *Hibbs* does not abrogate the Eleventh

Circuit's *Garrett* decision either directly or indirectly by extension.  This ruling is

consistent with the unpublished decision in *Batchelor*, which unequivocally states,

despite the Supreme Court's ruling in *Hibbs*, that "[o]ur holding in *Garrett* that

Congress is without authority to abrogate state sovereign immunity for claims arising

under the self-care provision of the FMLA remains the law of this Circuit."

*Batchelor*, 242 Fed. Appx. 652, 653 (11th Cir. 2007) (emphasis added) (citation

omitted).  Therefore, because Daniels asserts a self-care claim under the FMLA, any

claim for monetary damages under the FMLA is **HEREBY DISMISSED WITH**

**PREJUDICE**.

**C.     FMLA Retaliation *Prima Facie* Case**

Daniels indicates in her opposition that this portion of Hale's Dismissal Motion "is probably a moot point given the current state of the law in the Eleventh Circuit regarding Eleventh Amendment Immunity and the self-care provision of the FMLA as described above." (Doc. #25 at 13 n.9). The court is unclear as to Daniels's meaning.[6]

To the extent Daniels is seeking a claim for injunctive relief under the FMLA, Hale's *prima facie* challenge is **DENIED**.[7] More specifically, Hale maintains that Daniels does not qualify as an eligible employee under the FMLA on the face of her allegations because of the Act's twelve (12) months of work requirement and her indication that "she was hired by Sheriff Hale on January 10, 2005, and discharged on November 1, 2005." (Doc. #23 at 15-16 (citing Doc. #20 ¶ 8)). 29 C.F.R. § 825.100(a) defines an eligible employee in part to be one who "[h]as been employed by the employer for at least 12 months[.]" *Id.* § 825.100(a)(1).

Daniels responds that, instead, the relevant allegations actually state that she

---

[6]Daniels's second amended complaint includes a prayer for injunctive relief and expressly references 29 U.S.C. § 2617, in addition to Title VII and § 1981. (Doc. #20 at 6 ¶ 2). Such relief is not barred by the Eleventh Amendment. *See* n.4, *supra*.

[7]The court has previously explained that Daniels's FMLA retaliation claims for monetary damages are barred by the Eleventh Amendment. *See* section III. B.2., *supra*.

was "**transferred** to the Jefferson County Sheriff's Department [o]n that date." (Doc. #25 at 12 (citing Doc. #20 ¶ 8)).[8]  Daniels further notes that "[t]o have transferred into the Sheriff's Department, rather than [having been] hired [on that date], necessarily implies that the plaintiff was already employed by the Sheriff's Department or a related entity" and that "[t]he plaintiff was previously employed by another County Department and was eligible for appeal rights through the Personnel Board."  (Doc. #25 at 12-13).  Further, the court notes that Daniels alleged that "she worked [for the Defendant] for more than 12 months."  (Doc. #20 ¶ 4).

Therefore, having considered all of the allegations of the Second Amended Complaint, the court finds that Daniels's FMLA retaliation claim for injunctive relief is not due to be dismissed.  Hale's Dismissal Motion will therefore be denied as to such claim.

IV.   **CONCLUSION**

For the reasons set forth above, Hale's Dismissal Motion is  **GRANTED** on Eleventh Amendment immunity grounds as to any claims for monetary damages and is otherwise **DENIED**.

---

[8]Daniels's response accurately quotes her Second Amended Complaint.

14

**DONE** and **ORDERED** this the 21st day of July, 2008.


**VIRGINIA EMERSON HOPKINS**
United States District Judge